UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Thomas Cenea, | Case No.: 15cv1265-AJB-BGS |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL A RESPONSE TO INTERROGATORY NO. 8** |
| v. | |
| E. Stasiuk, et al., | |
| Defendant. | |

### I. BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint alleges that Defendants, correctional staff at R.J. Donovan Correctional Facility, failed to prevent an inmate from attacking her[1], and that two of the Defendants failed to protect her because they used pepper spray to quell the attack instead of using physical force. (ECF No. 1.)

Defendants served nineteen interrogatories on Plaintiff on April 6, 2016. (ECF No. 17-1 at 2.) Interrogatory No. 8 is the only basis of this dispute. It states:

---

[1] Plaintiff is a transgender inmate. Although she referred to herself using male pronouns in her Complaint, she has asked this Court to use female pronouns in all proceedings. (ECF No. 22.)

1

15cv1265-AJB-BGS

> Please list all persons (by name, address, telephone number, and inmate number [if applicable]) who have knowledge regarding Defendant D. Jaime, S. Rutledge, J. Bermudez, M. DeGuzman, R. Skogs, R. Toledo, and W. Smith's alleged deliberate indifference to your Eighth Amendment rights in connection with the June 6, 2014 incident that is the subject of your lawsuit.

(*Id.*, Ex. 1.) Plaintiff responded to this interrogatory and stated "Response (sic) is vague ambigus (sic) and calls for speculation." (*Id.*, Ex. 2.)

Defendants filed a motion to compel on June 7, 2016 challenging Plaintiff's objections to this interrogatory, and seeking a court order compelling Plaintiff to respond to the interrogatory. (ECF No. 17-1.) Plaintiff filed an opposition on July 22, 2016 (ECF No. 25) and Defendants filed a reply on July 26, 2016. (ECF No. 26.)

## II.  PARTIES' ARGUMENTS

Defendants argue that Plaintiff should be required to produce the names of potential witnesses, or be precluded from calling witnesses at trial that were not previously produced during discovery. (ECF No. 17-1.) Plaintiff's opposition states that she provided Defendants with two "witnesses information and sworn declarations." (ECF No. 25 at 2-3.) Plaintiff attached two exhibits to her opposition motion—a declaration from Mikel Webb (Exhibit 1) and a declaration from Kyle Avery (Exhibit 2). Plaintiff also attaches her own declaration. Defendants acknowledge that they received these declarations by mail from Plaintiff.[2] (ECF No. 26 at 2.) However, Defendants argue that these declarations are not verified responses to Interrogatory No. 8, and it is "unknown if Plaintiff is

---

[2] Defendants characterize Plaintiff's statement in one of her letters that she provided three declarations as falsification of the record. (ECF No. 26 at 2.) The Court finds that it is likely Plaintiff referenced her own declaration, in addition to the declarations from Mikel Webb and Kyle Avery, as the "3 witness declarations" in her June 15, 2016 letter.

aware of other witnesses besides the declarants." (ECF No. 26 at 2.)

## III. DISCUSSION

As mentioned above, Plaintiff objected to Defendants' Interrogatory No. 8 as "vague ambigus (sic) and calls for speculation." (ECF No. 17-1, Ex. 2.) Notably, and notwithstanding these objections, Plaintiff produced two witness declarations. The Court first analyzes the merits of Plaintiff's objections.

### A. Objection that Request is Vague and Ambiguous

Other than the mere assertion, Plaintiff offers no analysis of why she views Interrogatory No. 8 as too vague and ambiguous to respond. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010), order clarified, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) citing *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D.Kan. 2007); *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D.Kan. 2006); accord *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D.Fla. 2007) ("party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague"). Plaintiff has failed to meet her burden and therefore the objection is overruled. Moreover, the Court disagrees that Defendants' Interrogatory No. 8 is vague or ambiguous. Defendants require the names of the witnesses that Plaintiff knows to have information regarding her allegations. That is neither vague, nor ambiguous and a common sense reading of the request is sufficient to allow Plaintiff to respond.

### B. Objection that Request Calls for Speculation

Plaintiff offers no analysis in support of her objection that Request No. 8 calls for speculation. In responding to Request No. 8, Plaintiff is not required to guess as to who has knowledge regarding her claims. To the extent she has

witnesses, she is required to disclose their names and contact information to Defendants.  If Plaintiff is not aware of any witnesses, she need not speculate.  The Court, therefore, **OVERRULES** this objection.

If the only two witnesses Plaintiff can identify are Mikel Webb and Kyle Avery, she needs to list those names in a proper response to Defendants' Interrogatory.  Interrogatories must be answered "under oath" and signed by the answering party.  (Fed. R. Civ. P. 33(b)(3), (5).)  Providing the declarations attached to Plaintiff's opposition motion is insufficient under Fed. R. Civ. P. 33.

## IV.   CONCLUSION

Plaintiff's objections to Interrogatory No. 8 are **OVERRULED**.  Defendants' Motion to Compel a response to Interrogatory No. 8 is **GRANTED**.  Plaintiff must provide Defendants a response no later than **October 7, 2016**.

**IT IS SO ORDERED**.

Dated: September 9, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge